WILLIAM LALOR, Respondent, v. LAUGHLIN BYRNE, Appellant.

St. Louis Court of Appeals, December 6, 1892.

1. **Malicious Prosecution:** SUFFICIENCY OF THE EVIDENCE. The evidence in this cause, which was one [for malicious prosecution, is considered and *held* adequate to support the instructions given therein. '

2. **Practice, Trial:** WAIVER OF OBJECTION TO VARIANCE. The claim that there is a variance between the pleading and evidence in a cause is waived, when no affidavit is filed by the party making it to show wherein he was misled.

3. ————: OBJECTION TO EVIDENCE. An objection to the introduction of evidence, on the ground that the evidence is immaterial, is not a proper objection.

4. **Malicious Prosecution:** EVIDENCE OF ILL WILL. In an action for malicious prosecution, evidence of the existence of ill will or dislike on the part of the defendant towards the plaintiff prior to the prosecution complained of will not, of itself, suffice to prove malice in its legal sense; but, when there is other evidence tending to prove such malice, such ill will or dislike may be shown.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*Edmond A. B. Garesche,* for appellant.

(1) The court erred in the admission and exclusion of evidence. *Burns v. Railroad,* 24 Mo. App. 10; *Carpenter v. Wilmot,* 24 Mo. App. 589. (2) The court erred in giving instructions asked by the respondent, and also in giving instructions of its own motion.

*D. P. Dyer,* for respondent.

Biggs, J.—This is an action for malicious prosecution. It was averred in the petition that on the twenty-second day of October, 1891, the defendant appeared before the deputy clerk of the St. Louis court of criminal correction, and, without any probable cause therefor, but maliciously, intending to injure the plaintiff in his good name, did charge the plaintiff with malicious trespass; that upon the charge thus made he procured the clerk of said court to issue a warrant for plaintiff's arrest, which was duly served; that thereafter,

upon a hearing before said court, the plaintiff was acquitted of the charge and finally discharged. The answer admitted the arrest as charged, but denied that it was malicious, or that it was without probable cause. As a further defense it was averred that the prosecution was begun under legal advice, after a full statement to the attorney of all facts which were within the defendant's knowledge or which he was able to ascertain by diligent inquiry, touching the guilt of the plaintiff. The jury returned a verdict for $600, $200 of which the plaintiff voluntarily remitted, and a judgment was entered for the remainder. The defendant has appealed, and he complains of the instructions and the admission of irrelevant evidence.

It has been decided by the supreme court (*Sharpe v. Johnston*, 59 Mo. 557) and by this court (*McGarry v. Railroad*, 36 Mo. App. 340) that want of probable cause and the existence of malice are essential facts to be established by the plaintiff in every case of malicious prosecution. The proof of malice does not establish the want of probable cause, nor does the proof of want of probable cause necessarily establish malice. As we said in the *McGarry case:* "Malice may be inferred from the want of probable cause, although it is not a legal inference in any case, neither is it a necessary inference, nor is it even in all cases an admissible inference."

The instructions in the present case, in so far as they assert legal propositions, have received the sanction of the supreme court in the case of *Sharpe v. Johnston, supra,* and it is only necessary for us to decide whether they were authorized by the evidence. In the first instruction, given for the plaintiff, the jury were told that, if the plaintiff had been acquitted in the court of criminal correction, then he must be presumed to have been innocent of the crime imputed to him.

The instruction was predicated on an immaterial issue, but, under *Sharpe v. Johnston, supra,* it was not prejudicial.

By the second instruction the jury were told that, if they found that the prosecution was begun without probable cause, as defined in other instructions, then they *might* infer that the prosecution was malicious. Probable cause [was defined to mean "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a reasonable and cautious man in the belief that the accused is guilty of the offense with which he is charged." Malice was defined as "a wrongful act done intentionally without legal justification or excuse." The objection made to the second instruction is that, under the evidence, the question of probable cause was one of law for the court. This position is sought to be maintained on the ground that the undisputed facts show that the defendant had in good faith consulted an attorney, and had communicated to him all facts within his knowledge, or which he might have learned by reasonable diligence bearing upon the guilt or innocence of the plaintiff. This assignment requires a brief reference to the facts concerning the arrest.

The plaintiff and the defendant own and live upon adjoining lots. There is a partition fence between the lots. According to the plaintiff's evidence it appears that, a short time previous to the arrest, he informed the defendant that he wanted to build a cow stable on the dividing line about midway of the lots; that the defendant gave him permission to construct the building "as he liked;" and that, in pursuance of this, he employed a contractor to build the stable, and he instructed him to take away twenty-two feet of the partition fence, which was old and very much decayed, with the view of filling up the space with one end of

Lalor v. Byrne.

the stable; and that, after the fence had been cut and removed, the defendant appeared on the scene, and by the use of very intemperate language ordered the contractor to put the fence back, which he immediately did. The defendant denied that there was any such agreement concerning the stable as testified to by the plaintiff, and he asserted that the fence had not been removed at the time he came to where the men were at work, and that the fence was torn away in spite of his protests. He admitted that he only told his attorney the facts to which he then testified. This makes it plain that the determination of the question of "want of probable cause" depended upon disputed facts. If the plaintiff is to be believed, the defendant did not communicate to his attorney all of the facts which were within his knowledge, and which had a direct bearing on the alleged guilt of the plaintiff; and, if the jury believed this, it authorized the finding of the further fact, that the defendant did not consult counsel in good faith, and that he acted maliciously in causing the arrest.

By the fifth instruction, which was given by the court of its own motion, a malicious trespass on land was defined, and the jury were told that, if such a trespass was shown to have been wrongfully, intentionally and wilfully done, then the jury might infer that it was maliciously done. We do not see how the defendant was prejudiced by this instruction, or how the jury could have been misled by it. If it had any effect at all, it was certainly favorable to the defendant. We do not think that the defendant has any just ground of complaint as to the instructions.

The petition alleged that the defendant had appeared before the deputy clerk of the court of criminal correction, and had charged the plaintiff with malicious trespass, and had the clerk to issue a warrant,

whereas the record of the court of criminal correction, which the court permitted the plaintiff to read, showed that the warrant was issued on an information lodged with the clerk by the assistant prosecuting attorney. Objection was made that there was a variance between this proof and the pleadings. The defendant admitted the arrest and prosecution of the plaintiff. This admission in the answer rendered the admission of the evidence non-prejudicial, even though the alleged variance was material. But, aside from this, no affidavits were filed tending to show wherein the defendant was misled; therefore, the variance, if there was any, must be considered as having been waived. Revised Statutes, 1889, sec. 2096.

Kelly, a witness for the plaintiff, in answer to a question as to who was present, and what was said at the time the fence was torn away, made the statement that the conduct of the defendant and his wife "was anything but ladylike and gentlemanly like." Defendant's counsel asked that the statement be stricken out, for the reason that it was not responsive to the question, and was a mere conclusion. The witness followed up this statement by detailing the conversation between the parties, and the language employed by the defendant and his wife, and, if the jury believed his details of the conversation, the defendant could not have been prejudiced by the objectionable remark.

The plaintiff was allowed to show that the fence was rotten and worthless. The objection made to the introduction of this evidence was that it was immaterial. This was no objection at all.

The plaintiff was permitted to prove that, some months prior to the institution of the criminal proceedings, he and the defendant had a dispute concerning a trivial matter, and that the defendant had not been kindly disposed to him since that time. Evidence

of ill will or dislike will not, of itself, suffice to prove malice in its legal sense; but, when there is other evidence tending to prove this issue, we can see no valid objection to its admission.

Finding no substantial error in the record, the judgment will be affirmed. All the judges concur.